IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 25-cv-03502-PAB

ACTON ACADEMY, a Texas Nonprofit Corporation,

     Plaintiff,

v.

APOGEE SUMMIT COLORADO LLC,
TIM KENNEDY, an individual, and
MATT BEAUDREAU, an individual,

     Defendants.

---

**ORDER**

---

This matter comes before the Court on Plaintiff Acton Academy's Motion to Remand [Docket No. 17].  Defendants filed a response, Docket No. 25, and plaintiff filed a reply.  Docket No. 30.

**I. BACKGROUND**

Plaintiff Acton Academy filed this action in state court on September 23, 2025. Docket No. 7.  Plaintiff alleges that defendants breached a contract and misappropriated trade secrets related to confidential and proprietary materials plaintiff developed in support of its business and brand.  *Id.* at 4, ¶ 1.  Plaintiff brings state law claims for Breach of Contract, Breach of the Covenant of Good Faith, Misappropriation of Trade Secrets under Colo. Rev. Stat. § 7-74-101 *et seq.*, Civil Conspiracy, and Unjust Enrichment.[1]  *Id.* at 19-25, ¶¶ 104-162.  Defendants were served on October 11, 2025,

---

[1] Plaintiff also brings a claim titled "injunctive relief," Docket No. 7 at 25-28, ¶¶ 163-185, but injunctive relief is a remedy, not a cause of action.  *See Bellwether*

Docket No. 1 at 1-2, ¶ 3, and timely filed a notice of removal on November 3, 2025. *See generally id.*

In their notice of removal, defendants claim that the Court has original jurisdiction over this action based on federal question jurisdiction, asserting that the allegations in the complaint are "within the purview of the Lanham Act." *Id.* at 1, ¶ 1.  On December 2, 2025, plaintiff filed a motion to remand.  Docket No. 17.  On December 23, 2025, defendants filed a response.  Docket No. 25.  On January 2, 2026, plaintiff filed a reply. Docket No. 30.

## II.  LEGAL STANDARD

Generally, a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).  There are two basic statutory grounds for original jurisdiction in federal district courts: federal-question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332.  *Nicodemus v. Union Pac. Corp.*, 318 F.3d 1231, 1235 (10th Cir. 2003).  Pursuant to § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  "Under the longstanding well-pleaded complaint rule . . . a suit 'arises under' federal law only when the plaintiff's statement of his own cause of action shows that it is based upon federal law."  *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (quoting *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)) (internal quotations and alterations omitted); *see also Devon Energy Prod.*

---

*Cmty. Credit Union v. Chipotle Mexican Grill, Inc.*, 353 F. Supp. 3d 1070, 1088 (D. Colo. 2018) ("Injunctive relief is not a separate cause of action; rather, it is one form of relief for the other legal violations alleged.") (citation omitted).

*Co., L.P. v. Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1202 (10th Cir. 2012).  In other words, "[a]s a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim."  *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003).  For removal jurisdiction, "the required federal right or immunity must be an essential element of the plaintiff's cause of action, and . . . the federal controversy must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal."  *Fajen v. Found. Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982) (internal quotation marks omitted); *see also Gully v. First Nat'l Bank*, 299 U.S. 109, 113 (1936).  It "takes more than a federal element to open the 'arising under' door" of § 1331.  *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 701 (2006).

"The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter."  *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004).  "Federal district courts must strictly construe their removal jurisdiction."  *Env't Remediation Holding Corp. v. Talisman Capital Opportunity Fund, L.P.*, 106 F. Supp. 2d 1088, 1092 (D. Colo. 2000).  "[A]ll doubts are to be resolved against removal."  *Fajen*, 683 F.2d at 333.  Thus, the court presumes that no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction.  *Lorentzen v. Lorentzen*, No. 09-cv-00506-PAB, 2009 WL 641299, at *1 (D. Colo. Mar. 11, 2009).

## III.  ANALYSIS

Defendants argue that plaintiff alleges a federal cause of action under the Lanham Act, 15 U.S.C. § 1051 *et seq.*  Docket No. 25 at 7-9.  Alternatively, defendants argue that federal trademark law is a necessary element of plaintiff's claims.  *Id.* at 9-11.

### A. <u>Federal Cause of Action</u>

Defendants state that, while plaintiff does not label any claim as a federal trademark claim, plaintiff alleges facts which support a claim under the Lanham Act. *Id.* at 7-8. In support, defendants point to a similar case plaintiff filed against defendant Kennedy in the United States District Court for the Western District of Texas, where plaintiff brought claims under the Lanham Act. *Id.* at 8-9.

This argument is unavailing. "[F]ederal jurisdiction attaches when federal law creates the cause of action asserted." *Bd. of Cnty. Commissioners of Boulder Cnty. v. Suncor Energy (U.S.A.) Inc.*, 25 F.4th 1238, 1255 (10th Cir. 2022) (quoting *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning*, 578 U.S. 374, 383 (2016)). Importantly, what matters is whether the plaintiff asserts a federal cause of action, not whether the plaintiff pleads facts which could support a federal cause of action. In other words, "[t]he plaintiff is the 'master of the claim' and may prevent removal by choosing not to plead a federal claim even if one is available." *Schmeling v. NORDAM*, 97 F.3d 1336, 1339 (10th Cir. 1996) (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). Thus, it is irrelevant that plaintiff alleged facts which could support a cause of action under the Lanham Act or that plaintiff brought Lanham Act claims in a separate case; what matters is that plaintiff did not bring a Lanham Act claim here. Here, the complaint does not bring a federal cause of action and nowhere refers to the Lanham Act. *See generally* Docket No. 7. As the "master of the claim," plaintiff has the right to "avoid federal jurisdiction by exclusive reliance on state law." *Bd. of Cnty. Commissioners of Boulder Cnty.*, 25 F.4th at 1256 (citation omitted). Plaintiff chose to do so here.

### B. Substantial Question of Federal Law

Notwithstanding the general rule that a federal cause of action must be asserted, "a case might still arise under the laws of the United States if a well-pleaded complaint established that its right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties." *Id.* at 1257 (citation and internal quotations omitted). Defendants argue that this exception applies to this case. Docket No. 25 at 9-11. Under the "substantial question" test, "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013). The Tenth Circuit has cautioned that "[t]he 'substantial question' branch of federal question jurisdiction is exceedingly narrow." *Bd. of Cnty. Commissioners of Boulder Cnty.*, 25 F.4th at 1257 (citation omitted). For instance, the "mere need to apply federal law in a state-law claim" will not "suffice to open the 'arising under' door." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313 (2005). Rather, the federal question must be an essential element of a plaintiff's claim. *Gilmore v. Weatherford*, 694 F.3d 1160, 1173 (10th Cir. 2012). A federal question is an "essential element" of a plaintiff's claim if, for example, it is the only contested legal or factual issue. *Bd. of Cnty. Commissioners of Boulder Cnty.*, 25 F.4th at 1266 (citation omitted). Moreover, "federal jurisdiction demands not only a contested federal issue, but a substantial one, indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum." *Gilmore*, 694 F.3d at 1171 (citations omitted).

Plaintiff's claims can be resolved without resolving a federal question. For instance, while the breach of contract claim is based in part on the unauthorized use of

plaintiff's trademark, it is also based on the misappropriation of trade secrets, among other things. Docket No. 7 at 19-20, ¶¶ 107-109. In fact, defendants admit that the breach of contract claim "lists other non-trademark issues as other reasons for the breach." Docket No. 25 at 10. Nevertheless, defendants argue that a deposition taken for the Western District of Texas case shows that the only items that could be at issue are the federal trademarks. *Id.* Plaintiff disagrees with that characterization of the deposition. Docket No. 30 at 5-6. Notably, "[a]lthough the court may consider evidence outside the pleadings, it is not proper for the court to pre-try issues of liability on a motion to remand." *Ferrell v. BGF Glob., LLC*, 2015 WL 6438988, at *2 (W.D. Okla. Oct. 21, 2015) (citation and internal quotations omitted). Thus, the Court refuses to determine whether defendants can be held liable under various theories of plaintiff's breach of contract claim. Accordingly, because plaintiff's breach of contract claim can be decided on state-law issues, it does not necessarily raise a federal issue. The same is true for plaintiff's other claims.

Moreover, even if plaintiff's claims necessarily raised a federal issue, defendants still do not satisfy the substantial questions test because defendants do not argue that the federal issues are substantial.[2] *See generally* Docket No. 25. Because defendants bear the burden of establishing jurisdiction, the failure to do so is fatal to the jurisdiction issue. *See Radil*, 384 F.3d at 1224. Accordingly, the Court does not have federal question jurisdiction over this case.[3]

---

[2] Plaintiff argues that the federal issue is not substantial, noting that it primarily raises a factual issue, not a legal issue. Docket No. 17 at 13-15.

[3] In addition to the motion to remand, there is a pending motion to dismiss, motion to stay, and motion to consolidate in this action. Docket Nos. 16, 18, 27.

## IV.  CONCLUSION

Therefore, it is

**ORDERED** that Plaintiff Acton Academy's Motion to Remand [Docket No. 17] is **GRANTED**.  It is further

**ORDERED** that Defendants' Motion to Dismiss [Docket No. 16] is **DENIED as moot**.  It is further

**ORDERED** that Plaintiff Acton Academy's Motion to Stay Pending this Court's Resolution of Acton Academy's Motion to Remand [Docket No. 18] is **DENIED as moot**. It is further

**ORDERED** that Defendants Apogee Summit Colorado LLC, Tim Kennedy, and Matt Beaudreau's Motion to Consolidate [Docket No. 27] is **DENIED as moot**.  It is further

**ORDERED** that this case is **REMANDED** to the District Court of El Paso County for all further proceedings.  It is further

**ORDERED** that this case is closed.

DATED April 8, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge

---

Because the Court will grant the motion to remand, it will deny the other pending motions as moot.